J-S44023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE FLOYD, | |
| Appellant | No. 3403 EDA 2016 |

Appeal from the PCRA Order October 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1215912-1977

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:　　　　　　　　**FILED SEPTEMBER 25, 2017**

Appellant, Theodore Floyd, appeals *pro se* from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On June 5, 1978, following a jury trial presided over by the Honorable Alex Bonavitacola, [Appellant] was convicted of first-degree murder and criminal conspiracy.  On January 19, 1979, the trial court sentenced [Appellant] to a mandatory term of life imprisonment on the murder conviction and a lesser, consecutive term of incarceration on the remaining offense.  On July 8, 1981, following a direct appeal, the Pennsylvania Supreme Court affirmed the judgment of sentence.[2]
>
> [2] ***Commonwealth v. Floyd***, 431 A.2d 984 (Pa. 1981).

In 1984, [Appellant] filed his first petition for collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA").[3] Counsel was appointed and subsequently filed a "no merit" letter indicating that the issues raised in the petition were without arguable merit and there were no additional issues which could be raised in a counseled amended petition. The PCHA court subsequently issued an order formally denying the petition. The Superior Court affirmed the PCHA court's order on December 5, 1986.[4] The Pennsylvania Supreme Court denied allocator on June 2, 1987.[5]

[3] Act of January 25, 1966, P.L. (1965) 1580, *codified at* 19 P.S. § 1180-1 *et seq*. The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988.

[4] ***Commonwealth v. Floyd***, 520 A.2d 1213 (Pa. Super. 1986) (unpublished memorandum).

[5] ***Commonwealth v. Floyd***, 527 A.2d 535 (Pa. 1987).

On January 4, 1993, [Appellant] filed his second petition for post-conviction relief under the PCRA. On January 26, 1993, the PCRA court dismissed his petition. On March 30, 1994, the Superior Court dismissed the appeal for failure to file a brief.

On August 13, 2012, [Appellant] filed the instant *pro se* PCRA petition. [Appellant] filed an amended petition on March 15, 2016 that was reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of this court's intention to dismiss his petition on June 21, 2016. [Appellant] submitted a response to the Rule 907 notice on July 8, 2016. On October 6, 2016, the PCRA court dismissed his petition as untimely. On October 18, 2016, the instant notice of appeal was timely filed to the Superior Court.

Trial Court Opinion, 1/26/17, at 1-2 (some internal footnotes omitted).[1]

On appeal, Appellant presents the following issues for our review:

Although Appellant was six months into his eighteenth birthday when this offense was committed, should he have been granted relief under <u>Miller v. Alabama</u>, 1323 S.Ct. 2455 (2012) and <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016) where U.S. Supreme Court precedent and social science confirms that "youth (and all that accompanies it)" does not subside until a person's "mid-20s"?

Should the PCRA court have applied the full faith and credit clause of the United States Constitution and granted Appellant relief pursuant to <u>People v. House</u>, 2015 IL App. (1st)110580?

Appellant's Brief at 7 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We must first address whether Appellant satisfied the timeliness requirements of the PCRA. "[T]he timeliness requirements of the PCRA are

---

[1] It does not appear from the record that the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. However, the PCRA court did file an opinion on January 26, 2017, explaining that the underlying PCRA petition was dismissed because it was untimely.

'mandatory and jurisdictional in nature' and, therefore, 'no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner.'" **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed

_____

[2] The exceptions to the timeliness requirement are:

*(Footnote Continued Next Page)*

within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence was affirmed by the Pennsylvania Supreme Court on July 8, 1981. ***Commonwealth v. Floyd***, 431 A.2d 984 (Pa. 1981). Thus, Appellant's judgment became final on September 6, 1981, sixty days after the Pennsylvania Supreme Court affirmed Appellant's judgment of sentence and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 20 (effective June 30,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

  (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

  (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

  (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

1980).³  Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments.   Appellant's instant PCRA petition, filed on August 13, 2012, does not qualify for the grace *proviso* because it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997.  Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant has attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S. § 9544(b)(1)(iii), with reliance upon the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460 (2012), and the Illinois Appellate Court case of ***People v. House***, 72 N.E.3d

---

³ We observe that the Rules of the United States Supreme Court pertaining to the filing of a petition for *writ of certiorari* have been renumbered and the time-period altered several times since the applicable Rule in this case.

357 (Ill. App. 2015). Appellant asserts that although he was eighteen years of age at the time of the offense, he falls into the category of "juvenile offender." Appellant's Brief at 9-16.

In *Miller*, the United States Supreme Court held that the application of mandatory sentences of life imprisonment without the possibility of parole, without consideration of the defendant's age and the attendant characteristics of youth, to individuals under the age of eighteen at the time they committed homicide is unconstitutional as violative of the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller,* 567 U.S. at 465. In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S.Ct. at 732.

Herein, Appellant was not under the age of eighteen at the time of the offense; rather, he admittedly was eighteen years old. Appellant's Brief at 11. Accordingly, *Miller* and *Montgomery* are not applicable to Appellant's petition. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)").

In *House*, the Illinois Appellate Court held that application of a sentence of life without parole imposed upon defendant House, who was

nineteen years old at the time of the offense and served as a lookout for the perpetrators of the murders, constituted a violation of the proportionate penalties clause of the Illinois Constitution. *House*, 72 N.E.3d at 389. As stated above, the timeliness exception codified in subsection 9545(b)(1)(iii) applies to new rights recognized by either the United States Supreme Court or the Pennsylvania Supreme Court. It does not apply to the grant of an Illinois-state-constitution-based challenge by the Illinois intermediate appellate court. Hence, Appellant cannot utilize the *House* decision to meet a timeliness exception.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/25/2015*

- 8 -